# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSRAM OPTO SEMICONDUCTORS GMBH, OSRAM GMBH, DIGITAL LUMENS, INC. AND OSRAM SYLVANIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HEALTHE, INC. and LIGHTING SCIENCE GROUP CORP., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 19-1616-LPS |

## SECOND JOINT MOTION TO AMEND THE CASE SCHEDULE AND SET A NEW TRIAL DATE

Plaintiffs OSRAM Opto Semiconductors GmbH, OSRAM GmbH, Digital Lumens, Inc. and OSRAM SYLVANIA Inc. (collectively, "Plaintiffs") and Defendants Healthe, Inc. and Lighting Science Group Corp. (collectively, "Defendants") file this joint motion to further amend the case schedule set forth in this Court's order of May 8, 2020, D.I. No. 32, and reset the trial date.[1]

This case continues to be in its early stages. Plaintiffs assert that one or more of Defendants products infringe eight asserted patents. *See, e.g.,* D.I. 1 (Complaint). Seven of the eight asserted patents are assigned to OSRAM Opto Semiconductors GmbH or OSRAM GmbH. OSRAM Opto Semiconductors GmbH and OSRAM GmbH are each organized under the laws of the Federal Republic of Germany and have principle places of business in Regensburg, Germany and Munich, Germany, respectively. Each of the inventors of those seven patents is located in Germany or

---

[1] Based on presently available information, the Parties' expectations is that an extension of the fact discovery period to October, 2021 will be sufficient and that no further extensions to the schedule will be necessary.

Northern Italy.  Plaintiffs are presently scheduled to produce their initial infringement claim charts on September 18, 2020.

The disruption of ordinary business at the Plaintiffs' companies and travel restrictions caused by the worldwide spread of COVID-19 (i.e. "Coronavirus") continue to prevent Plaintiffs from meaningfully participating in fact discovery.  All OSRAM entities, including OSRAM Opto Semiconductors GmbH and OSRAM GmbH, have activated emergency policies requiring all employees who are able to work from home to do so.  All OSRAM locations where relevant witnesses and/or documents may be located have imposed severe access restrictions for visitors.  Due to these restrictions, the relevant fact witnesses will not be available to assist Plaintiffs in preparing their case or participating in fact discovery.

In addition, the United States is currently included on Germany's travel restriction list.  Travel from the United States to Germany is discouraged and anyone entering Germany must quarantine for 14 days upon arrival.  OSRAM's company policy, consistent with that of the German authorities, is to discourage travel and enforce the mandatory quarantine.  Infection rates in Germany are steadily increasing, and have recently reached the same levels the country saw in April.  For this reason, OSRAM anticipates additional measures may be imposed by the German authorities in the near future.  These restrictions will prevent Plaintiffs' counsel from facilitating document collection and conducting fact witness interviews at the OSRAM locations where the relevant documents and witnesses are located and there is presently no infrastructure in place to facilitate remote document collection.

The parties therefore request that the deadlines for fact and expert discovery be extended and that trial be rescheduled for November 2022 as follows:

| Event | Current Schedule | Proposed Schedule |
|---|---|---|
| Plaintiffs responses to Defendants' opening Document Requests and Interrogatories | August 21, 2020[2] | December 18, 2020 |
| Plaintiffs to produce initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes | September 18, 2020 | January 15, 2021 |
| Defendant to product its initial invalidity contentions for each asserted claims as well as the known related invalidating references | October 19, 2020 | February 15, 2021 |
| Deadline for motions to join other parties and to amend or supplement the pleadings | November 12, 2020 | March 12, 2021 |
| Parties to exchange list of those claim term(s)/ phrases that they believe need construction and their proposed claim construction of those terms/ phrases | December 3, 2020 | April 6, 2021 |
| Joint Claim Construction Chart to be submitted | December 17, 2020 | April 16, 2021 |
| Initial claim construction briefs due | January 25, 2021 | May 24, 2021 |
| Answering/ responsive claim construction briefs due | February 22, 2021 | June 21, 2021 |
| Markman Hearing | March 22, 2021 (1 PM) | July __ 2021 |
| Plaintiff to provide final infringement contentions; Substantial completion of document production | March 30, 2021 | July 30, 2021 |
| Interim status report | April 13, 2021 | August 13, 2021 |
| Defendant to provide final invalidity contentions; final supplementation of identification of accused products and all invalidity references | April 27, 2021 | August 27, 2021 |
| Close of fact discovery | June 11, 2021 | October 11, 2021 |
| Opening expert reports due | July 16, 2021 | November 16, 2021 |
| Rebuttal expert reports due | August 19, 2021 | December 19, 2021 |
| Reply expert reports due | September 2, 2021 | January 7, 2022 |
| Deadline for expert depositions | October 15, 2021 | February 25, 2022 |
| Case dispositive and Daubert motions due | November 12, 2021 | March 18, 2022 |
| Hearing on case dispositive and Daubert motions | January 25, 2022 (9 AM) | May __, 2022 |
| Submission of Final Pretrial Order | June 15, 2022 | October 14, 2022 |
| Pretrial Conference | July 1, 2022 | November __, 2022 |
| Trial (5 days) | July 11, 2022 | November __, 2022 |

---

[2] On August 21, the Parties agreed to an interim two week extension of the deadline for Plaintiffs to serve responses to Defendants' opening Document Requests and Interrogatories while the Parties negotiated the deadlines reflected in the chart above.

ACTIVE/104678478.2

Due to the unexpected facility closures, access and travel restrictions resulting from the Coronavirus outbreak, counsel believe that good cause exists to further extend the foregoing fact and expert discovery deadlines set forth in the Order of May 8, 2020, D.I. No. 32.  Moreover, the request contained herein is not intended for purposes of delay and will not cause any prejudice to any party to this action.

| SHAW KELLER LLP | ASHBY & GEDDES LLP |
|---|---|
| */s/ Nathan R. Hoeschen* | */s/ Andrew C. Mayo* |
| John W. Shaw (No. 3362) | John G. Day (No. 2114) |
| Karen E. Keller (No. 4489) | Andrew C. Mayo (No. 5207) |
| Jeff Castellano (No. 4837) | 500 Delaware Avenue, 8th Floor |
| Nathan R. Hoeschen (No. 6232) | P.O. Box 1150 |
| SHAW KELLER LLP | Wilmington, DE  19899 |
| I.M. Pei Building | (302) 654-1888 |
| 1105 North Market Street, 12th Floor | jday@ashbygeddes.com |
| Wilmington, DE 19801 | amayo@ashbygeddes.com |
| (302) 298-0700 | |
| jshaw@shawkeller.com | *Attorneys for Defendants* |
| kkeller@shawkeller.com | |
| jcastellano@shawkeller.com | |

Srikanth K. Reddy
Christie Larochelle
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.:  (617) 570-1000

Neel Chatterjee
Monte Cooper
Lucas Dahlin
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
Tel.:  (650) 752-3100

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 16.4**

In compliance with Local Rule 16.4, I hereby certify that I have sent a copy of this Unopposed Motion to Amend Scheduling Order to my clients.

| | |
|---|---|
| */s/ Andrew C. Mayo* | */s/ Nathan R. Hoeschen* |
| Andrew C. Mayo (No. 5207) | Nathan R. Hoeschen (No. 6232) |