IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OSRAM OPTO SEMICONDUCTORS GMBH, OSRAM GMBH, DIGITAL LUMENS, INC. AND OSRAM SYLVANIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HEALTHE, INC. and LIGHTING SCIENCE GROUP CORP., <br><br> Defendants. | ) ) ) ) ) ) C.A. No. 19-1616-LPS ) ) ) ) ) ) ) ) ) |

## JOINT MOTION TO AMEND THE CASE SCHEDULE
## AND SET A NEW TRIAL DATE

Plaintiffs OSRAM Opto Semiconductors GmbH, OSRAM GmbH, Digital Lumens, Inc. and OSRAM SYLVANIA Inc. (collectively, "Plaintiffs") and Defendants Healthe, Inc. and Lighting Science Group Corp. (collectively, "Defendants") file this joint motion to further amend the case schedule set forth in this Court's order of January 13, 2021, D.I. No. 40, and reset the trial date.[1]

The ongoing worldwide COVID-19 epidemic continues to prevent Plaintiffs from meaningfully participating in fact discovery. According to Plaintiff, all OSRAM entities located in Germany, including OSRAM Opto Semiconductors GmbH and OSRAM GmbH, continue to have emergency policies in place requiring all employees who are able to work from home to do

---

[1] This case continues to be in its early stages as the parties have not yet exchanged initial contentions. Plaintiffs' Complaint asserts that one or more of Defendants products infringe eight asserted patents. *See, e.g.*, D.I. 1 (Complaint). According to Plaintiff, seven of the eight asserted patents are assigned to OSRAM Opto Semiconductors GmbH or OSRAM GmbH. According to Plaintiff, OSRAM Opto Semiconductors GmbH and OSRAM GmbH are each organized under the laws of the Federal Republic of Germany and have principle places of business in Regensburg, Germany and Munich, Germany, respectively. According to Plaintiff, each of the inventors of those seven patents is located in Germany or Northern Italy.

so. According to Plaintiff, each of those facilities continues to be designated with the highest risk rating (level 4 on a 4 level rating). As a result, only production and operations staff is permitted on site and no access is permitted from those who travel from a foreign risk area (including the United States, which continues to be considered a "risk area" by the relevant German authorities). Because of the situation, the relevant fact witnesses continue to be unavailable to assist Plaintiffs in preparing their case or participating in fact discovery.

According to Plaintiff, OSRAM's company policy, consistent with that of the German authorities, is to discourage travel and enforce the mandatory quarantine. According to Plaintiff, the pace of vaccinations in Germany has been slower than in the United States and government-mandated access restrictions are expected to continue for at least several more weeks. According to Plaintiff, the existing restrictions continue to prevent Plaintiffs' counsel from facilitating document collection and conducting fact witness interviews at the OSRAM locations where the relevant documents and witnesses are located and there continues to be no infrastructure in place to facilitate remote document collection.

The parties therefore request that the deadlines for fact and expert discovery be extended and that trial be rescheduled for later in 2023 as follows:

| Event | Current Schedule | Proposed Schedule |
|---|---|---|
| Plaintiffs responses to Defendants' opening Document Requests and Interrogatories | April 16, 2021 | July 16, 2021 |
| Plaintiffs to produce initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes | May 14, 2021 | July 16, 2021 |
| Defendant to product its initial invalidity contentions for each asserted claims as well as the known related invalidating references | June 14, 2021 | August 16, 2021 |
| Deadline for motions to join other parties and to amend or supplement the pleadings | July 9, 2021 | September 13, 2021 |
| Parties to exchange list of those claim term(s)/ phrases that they believe need construction and their proposed claim construction of those | August 13, 2021 | October 15, 2021 |

| | | |
|---|---|---|
| terms/ phrases | | |
| Joint Claim Construction Chart to be submitted | September 3, 2021 | November 5, 2021 |
| Initial claim construction briefs due | October 8, 2021 | December 10, 2021 |
| Answering/ responsive claim construction briefs due | November 5, 2021 | ~~January 14, 2022~~ JANUARY 31 |
| Markman Hearing | December 20, 2021 | ~~February~~, 2022 at 9AM |
| Plaintiff to provide final infringement contentions; Substantial completion of document production | January 28, 2022 | March 25, 2022 |
| Interim status report | February 11, 2022 | April 15, 2022 |
| Defendant to provide final invalidity contentions; final supplementation of identification of accused products and all invalidity references | February 25, 2022 | April 29, 2022 |
| Close of fact discovery | April 14, 2022 | June 10, 2022 |
| Opening expert reports due | May 13, 2022 | July 15, 2022 |
| Rebuttal expert reports due | June 10, 2022 | August 15, 2022 |
| Reply expert reports due | June 30, 2022 | September 2, 2022 |
| Deadline for expert depositions | August 12, 2022 | October 14, 2022 |
| Case dispositive and Daubert motions due | September 9, 2022 | November 11, 2022 |
| Hearing on case dispositive and Daubert motions | November 22, 2022 | January 5 2023 at 2PM |
| Submission of Final Pretrial Order | ~~March 3, 2023~~ | ~~May 5, 2023~~ TBD |
| Pretrial Conference | ~~March 31, 2023~~ | ~~May  2023~~ TBD |
| Trial (5 days) | ~~April 17, 2023~~ | ~~June  2023~~ TBD |

Due to the facility closures, access and travel restrictions resulting from the Coronavirus outbreak, the parties believe that good cause exists to further extend the foregoing fact and expert discovery deadlines. Moreover, the request contained herein is not intended for purposes of delay and will not cause any prejudice to any party to this action.

So ordered.

*[signature]*